**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

LIFE CHANGING MINISTRIES, INC.,

    Plaintiff,

v.                                                    Case No: 5:15-cv-59-Oc-30PRL

CANOPIUS US INSURANCE, INC.,

    Defendant.

## ORDER

THIS CAUSE comes before the Court on Plaintiff's Motion for Entry of Judgment on Partial Findings (Doc. 36), and Defendant's Response (Doc. 42). Upon review and consideration, the Court concludes final judgment should be entered.

## PROCEDURAL BACKGROUND

In July 2013, Plaintiff Life Changing Ministries, Inc. ("LCM") made a sinkhole claim to its surplus lines insurance carrier, Defendant Canopius US Insurance, Inc. Canopius denied the claim. After more than a year, LCM filed a civil remedy notice of insurer violation ("CRN") and later provided Canopius an engineer's report confirming sinkhole activity. Canopius denied the allegations in the CRN, and LCM sued for breach of contract on December 31, 2014. LCM invoked neutral evaluation after filing the lawsuit. The neutral evaluator determined that there was sinkhole activity and estimated the cost of above-ground and sub-surface repairs. Based on the neutral evaluator's findings, Canopius paid the claim rather than continuing to contest coverage.

After Canopius paid the claim, LCM moved for partial summary judgment based on Canopius' alleged confession of judgment. (Doc. 14). In its motion, LCM "request[ed] that the Court allow the trial to go forward on the amount of above ground damages and/or adequacy of the below-ground remediation…." (Doc. 14, p. 10). The Court granted LCM's motion for partial summary judgment despite its belief that "Canopius did nothing wrong while handling LCM's claim," and noting that the Court would take into account whether litigation was necessary when determining the reasonableness of LCM's attorneys' fees. (Doc. 25, p. 5, 9–10). As such, the Court resolved liability and LCM's entitlement to attorneys' fees, but left open the issue of damages per LCM's representations.

Two months later, LCM filed the instant Motion for Judgment on Partial Findings (Doc. 36), pursuant to Federal Rule of Civil Procedure 52(c).[1] In this Motion, LCM now argues that "the only issue remaining is the issue of LCM's attorneys' fees and costs." (Doc. 36, ¶ 2). LCM, apparently, has changed its position (without explanation) that damages were unresolved. Now LCM requests that the Court enter judgment based on its previous findings in the summary judgment order.

But Canopius argues the Court should not enter final judgment. Canopius does not argue that there is still an issue that needs to be resolved at trial; instead it argues that the Court may need additional evidence as to the reasonableness of LCM's attorneys' fees. Apparently, Canopius believes this evidence must be provided prior to entry of judgment.

---

[1] The so-called motion is a paltry three paragraphs and lack's citation to any legal authority. At best, the filing is nothing more than a notice.

## **DISCUSSION**

Put simply, the Court is confused by both LCM and Canopius's positions. LCM asked for only a partial summary judgment because damages were contested, but now argues, without any explanation of why it is changing position, that damages are not an issue. LCM also cites to Federal Rule of Civil Procedure 52(c), entitled "Judgment on Partial Findings," which is wholly inapplicable. The rule states, "If a party has been fully heard on an issue *during a nonjury trial*…." There has been no trial in this case, nonjury or otherwise.

Canopius, for its part, also may have been confused. That may explain why it appears to be belaboring under the belief that evidence on the reasonableness of LCM's attorneys' fees must be presented before LCM has filed a motion a for attorneys' fees pursuant to Rule 54(d)(2). To the contrary, the time for the Court to receive evidence on the reasonableness of attorneys' fees is once a motion to tax fees has been made.

Despite the confusion, it is clear to the Court that there are no issues left to be resolved other than the amount of LCM's attorneys' fees. Because there are no pending claims, judgment should be entered in favor of LCM on its breach of contract action.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Entry of Judgment on Partial Findings (Doc. 36) is GRANTED to the extent Plaintiff's request entry of final judgment.

2. The Clerk is directed to enter final judgment in favor of Plaintiff Life Changing Ministries, Inc., and against Defendant Canopius US Insurance, Inc.

3

3.      The Clerk is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 29th day of March, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

4